```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF ALABAMA
                     NORTHERN DIVISION
UNITED STATES OF AMERICA,    *
                             *
     Plaintiff,              *
                             *
V.                           *    CASE NO.2:05cr301-WHA
                             *
MICHAEL DAVID KING,          *
                             *
     Defendant.              *
```

**MOTION TO SUPPRESS**

**Facts**

During the month of February 2003, defendant Michael King was employed by Northrop Grumman, a private contractor, performing work for the United States Government. Mr. King was working at the military installation Prince Sultan AB KSA (PSAB KSA) in the Country of Saudi Arabia.

Mr. King was housed in building 311 A, room 109 which is described as a one bedroom dormitory with an attached bathroom, on the military installation.

On February 22, 2003, Air Force Sgt. Henry Lopez was searching for music files on the "PSAB network" when he found a computer "that had the C-drive shared out." He "came across a pornographic movie and text files of a pornographic nature." Sergeant Lopez subsequently reported his findings to Air Force Investigator Staff Sgt. Eric O'Brien. See Exhibit A, statement of Henry Lopez.

On February 25, 2003, Jennifer B. Lamar, an Air Force Protection Officer, investigated the report of Sgt. Lopez. Officer Lamar was able to remotely access the C-drive in question, and conducted an extensive search of the C-drive of the computer. She indentified the C-drive as being located on a computer in the dorm room of defendant King, and which contained the profile of defendant King. Officer Lamar's search indicated numerous text files of explicit porn stories and a pornographic video. There was also one sub-folder labeled "pedophilia". Officer Lamar "did not find any child pornography." See Exhibit B, statement of Lamar.

Based upon information from officer Lamar, Air Force Investigator Eric O'Brien requested a search warrant which was subsequently issued on February 27, 2003, by Col. Cheryl L. Dozier, USAF Commander, 363 Expeditionary mission Support Group. See warrant and affidavit attached as Exhibit C. Inv. O'Brien's affidavit stated that close to one-half of the text files "deal with child pornography," and that some video titles "suggest that they may contain child pornography." That particular information was not contained in the affidavits of Lamar or Lopez.

A search was conducted pursuant to the warrant of defendant King's private quarters, and numerous items were

seized from his private quarters including his personal laptop computer and a number of CD/DVD disks. Some of the disks were destroyed by the Air Force and the remaining disks along with the laptop computer were subsequently turned over the Federal Bureau of Investigation in Mobile, Alabama.

Upon conclusion of the search Defendant King was immediately sent out of the country by the commander in charge. King returned to his home in Montgomery, Alabama. He then resigned from his employment with Northrop

Approximately two years later in 2005 the government obtained a warrant to search the hard drive of the laptop computer of Mr. King that was seized in the search in Saudi Arabia. A sealed indictment was returned in about December 2005 charging defendant King with the instant offense of possession of child pornography.

On April 19, 2006, defendant King was employed as a private contractor for the U. S. Air Force located at Maxwell Air Force Base, in Montgomery, Alabama. On that date Mr. King was arrested on the instant charges. He was taken to an office of the Federal Bureau of Investigation in Montgomery, and a statement was taken from Mr. King. On that same date the government executed a search pursuant to a warrant of the residence of Mr. King in Montgomery, Alabama and seized

certain computers and other electronic materials. Those items are currently being subject to testing as of the date of this motion.

## ISSUES

Defendant King contends that the search and seizure of his private room of the military installation in the country of Saudi Arabia was conducted in violation of the Fourth Amendment to the United States Constitution. The defendant has a privacy expectation in his dorm room. <u>United States v. Ramos</u>, 12 F.3d 1019 (11th Circuit 1994). Therefore, defendant has standing the challenge of admission of evidence seized. More specifically defendant King contends that the search warrant issued by the military commander (1) lacked probable cause to support the search and seizure, (2) was not issued by a neutral and detached magistrate and (3) was based upon a warrantless search conducted by U. S. Air Force Protection Officer Jennifer Lamar, and was therefore in violation of the Fourth Amendment to the United States Constitution.

## ARGUMENT

**(1) PROBABLE CAUSE**

It has been stated that:

> Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular

location.

U.S. v. Brundidge, 170 F. 3d 1350, 1352 (11th Cir. 1999). The was no probable cause to issue the search warrant in Saudi Arabia because the affidavits of Lopez and Lamar did not support the allegation of possession of child pornography stated by Inv. O'Brien in his affidavit which was used to support the issuance of the search warrant. Lopez did not mention child pornography and Lamar stated she found no evidence of child pornography.

**(2) NEUTRAL AND DETACHED MAGISTRATE**

It has been held that:

> Inherent in the concept of a warrant is its issuance by a neutral and detached magistrate. [T]he Fourth Amendment does not contemplate the executive officers of Government as neutral and disinterested magistrates.

U.S. v. U.S. Dist. Court for Eastern Dist. Of Mich., Southern Division, 407 US 443, 453, 91 S.Ct 2022, 29 L.Ed 2d 564 (1971).

It appears from the discovery provided defendant that Col. Dozier who issued the search warrant was the supervisor of the affiant, Inv. O'Brien, as well as of Lopez and Lamar and was therefore not neutral and detached.

**(3) WARRANTLESS SEARCH**

"A warrantless search by the police is invalid unless

it falls within one of the narrow and well-delineated exceptions to the warrant requirement." Flippo v West VA., 528 U.S. 11, 13, 120 S.Ct 7, 145 L.Ed 2d 16 (1999). Officer Lamar was acting in an investigative capacity for the government when she conducted the extensive warrantless search of defendant's computer. Any information contained on defendant's computer was private. As stated by the Supreme Court:

> [T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection....But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected.

Katz v U.S., 389 U.S. 347, 351-2, 88 S.Ct 507, 19 L.Ed 2d 576 (1967).

## CONCLUSION

Therefore, defendant King contends that any items seized as a result of the search conducted in Saudi Arabia and any items seized or evidence gained as a subsequent result thereto including but not limited to any information or devices seized and Mr. King's statement to the government subsequently in Montgomery, Alabama is subject to exclusion.

Respectfully submitted this 23rd day of June, 2006.

                                        s/Jeffery C. Duffey
                                        JEFFERY C. DUFFEY

```
                              Attorney for
                              Michael David King
                              600 South McDonough Street
                              Montgomery, AL  36104
                              Phone: 334-834-4100
                              Fax: 334-834-4101
                              email: jcduffey@aol.com
                              Bar No.  ASB7699F67J
```

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of June, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Andrew Schiff, AUSA, P.O. Box 197, Montgomery, AL 36101.

```
                              s /Jeffery C. Duffey
                              JEFFERY C.  DUFFEY
                              Attorney for
                              Michael David King
```