IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05CR301-WHA |
| | ) | [WO] |
| MICHAEL DAVID KING | ) | |

**ORDER ON MOTION**

Without opposition from the government, the defendant has moved for continuance of the trial of this case (Doc. # 45) and has waived his right to speedy trial (Doc. # 46). While the granting of a continuance is left to the sound discretion of the trial judge, **United States v. Warren**, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the **Speedy Trial Act**, 18 U.S.C. §3161 ["The Act]. The Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such a matter. 18 U.S.C. §3161(c)(1). **See United States v. Vassar**, 916 F.2d 624 (11th Cir. 1990). The Act excludes from this 70-day period any continuance that the judge grants "on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial". 18 U.S.C. §3161(h) (8) (A).

The trial of this case is set on the term commencing 24 October 2006, and the next available term for the assigned District Judge commences on 8 January 2007. However, there are sound reasons why justice would be served by a continuance to the next available

term. First, within the past month, i.e., on 7 September 2006, the grand jury returned a superseding indictment against the defendant which added two counts not included in the first indictment (See Doc. # 35), and the defendant was just arraigned on that indictment on 25 September 2006

Second, the defendant's counsel has represented that he "is in need of additional time to prepare for the trial of the case, and for negotiation". The court independently notes that the charges against the defendant are the result of an extensive investigation into the defendant's use of his computer during and after his employment with Northrup, in connection with the latter's contract with the Department of Defense. Thus, for the attorneys, an understanding of the maintenance and networking capabilities of the various computer systems is critical, and the additional charges simply augment the burden of defense counsel to investigate and resolve inquiries.

There is only one defendant in this case, and the government does not object to a continuance. Moreover, the defendant is willing to waive his right to a Speedy Trial under the Act. The court concludes that the ends of justice served by continuing this case outweigh the interests of the public and the defendant in a speedy trial. The court has conferred with the district judge to whom this case is assigned, and he believes that a continuance is appropriate.

Accordingly, it is hereby ORDERED that the motion for continuance filed by the defendant be GRANTED and that this cause be set on the 8 January 2007 trial term.

DONE this 26th day of September, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE