```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF ALABAMA
                      NORTHERN DIVISION
UNITED STATES OF AMERICA,    *
                             *
     Plaintiff,              *
                             *
V.                           *     CASE NO.2:05cr301-WHA
                             *
MICHAEL DAVID KING,          *
                             *
     Defendant.              *
```

**SECOND MOTION TO SUPPRESS**

**A. Facts**

The defendant Michael David King was initially charged in a one court indictment (document 1) dated December 14, 2005, with possession of images of child pornography in violation of Title 18 U.S.C. 2252A(a)(5)(A) and 3261 (a)(1). The offenses are alleged to have occurred in about February 2003, in Saudi Arabia.

On June 23, 2006, defendant King filed a motion to suppress evidence seized from his computer and dorm room in Saudi Arabia in February 2003 and claimed a violation of the Fourth Amendment to the U.S. Constitution. (Document 23).

On September 7, 2006, a superceding indictment (document 35) was returned against defendant King adding two additional counts, those being: Count 1 - charges that the defendant knowingly transported pornography in interstate and foreign commerce from Montgomery, Alabama to Saudi Arabia in violation

of 18 U.S.C. 2252A (a)(1); and Count 3 - charges that on or about April 19, 2006, in Montgomery, Alabama, defendant knowingly possessed child pornography that had been mailed/shipped/transported in interstate or foreign commerce in of violation of 18 U.S.C. 2252A (a)(5)(B). The superceding indictment also contains a forfeiture allegation to forfeit all property involved. Count 2 of the superceding indictment is the same as the single count of the original indictment of December, 2005. The additional counts alleged in the superceding indictment are based upon evidence obtained by the Government in and subsequent to the search and seizure that occurred in Saudi Arabia in February, 2003.

On October 5, 2006, a Recommendation of the Magistrate Judge (document 51) was filed denying defendant King's motion to suppress. Defendant King has until October 19, 2006, to file any objections thereto. See page 23 of the Recommendation of the Magistrate Judge. (Document 51).

The Government has informed undersigned counsel that even if the previously filed motion to suppress is granted that it is the government's position that a suppression of evidence in the February 2003, search would have no effect on any evidence obtained by the government subsequent to the February 2003, search and seizure in Saudi Arabia. Therefore defendant

files this second motion to suppress regarding all items of evidence gathered through investigation, subpoena, searches and seizures that was based upon information obtained in the original February 2003, Saudi Arabia search and seizure.

In or about 2005, the Government initiated an investigation of defendant based upon information that it gathered in what defendant claims was an illegal search and seizure in February 2003, in Saudi Arabia. More specifically the Government (1) subpoened certain computer information from computer companies and internet providers; (2) obtained a search warrant on or about July 28, 2005, for defendant's laptop computer; (3) obtained a search warrant for defendant's residence in Montgomery, Alabama on or about April 18, 2006; and (4) arrested defendant and obtained from him an inculpatory statement on April 19, 2006. It is the defendant's contention that all of this evidence gathering was based solely upon information the Government received regarding what defendant contends to be an illegal search and seizure in Saudi Arabia in February 2003, and which was the subject of defendant's original motion to suppress (document 23).

The Government seeks to use at trial evidence obtained from subpoenas issued, searches of the defendant's laptop

computer, evidence obtained from defendant's residence in Montgomery and defendant's inculpatory statement, all of which defendant contends were "fruits of the poisonous tree" (the February 2003 search and seizure) and should be excluded.

### B.  Issue

Defendant King contends that all the evidence obtained by the Government that derives from the February 2003, search and seizure in Saudi Arabia either directly or indirectly, which includes subpoenas, obtaining of warrants and searches and seizures of defendant's laptop computer and defendant's residence in Montgomery, Alabama and other private information, was conducted in violation of the Fourth Amendment to the United States Constitution because the information for same was derived solely from what defendant contends to be an illegal search and seizure which is the subject of his original motion to suppress filed on June 23, 2006, (document 23).

### C.  Argument

It was previously held in Wong Sun v. United States, 371 U.S. 471, 83 Sup.Ct. 407, 9 L. Ed 2nd 441 (1963) that:

> In order to make effective the fundamental constitutional guarantees of sanctity of the home and inviolability of the person ... this Court held nearly half a century ago that evidence seized during an unlawful search could not constitute proof against

> the victim of the search... The exclusionary prohibition extends as well to the indirect as the direct products of such invasions ... Mr. Justice Holmes, speaking for the Court in that case, in holding that the Government might not make use of information obtained during an unlawful search to subpoena from the victims the very documents illegally viewed, expressed succinctly the policy of the broad exclusionary rule:
>
> 'The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all. Of course this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others, but the knowledge gained by the Government's on wrong cannot be used by it in the way proposed."

371 U.S. @ 484, 83 Sup.Ct. @ 416, 9 L. Ed 2nd @ 453.

Therefore, it is contended that any evidence derived directly or indirectly from what defendant contends was an illegal search and seizure in February 2003, in Saudi Arabia must be excluded from use against defendant, and that includes any evidence obtained by using or having knowledge of the illegally obtained evidence.

### D. Conclusion

Therefore, defendant contends as he did in his original motion to suppress at page 7, document 23, filed on June 23, 2006 that any items seized as a result of the search conducted

in Saudi Arabia and any items seized or evidence gained as a subsequent result thereto, including any statements from Mr. King, is subject to exclusion.

Defendant requests that this Court set this matter for hearing and upon consideration thereof order that all items of evidence obtained by the Government based upon information it obtained in the February 2003, search and seizure be excluded and suppressed.

Respectfully submitted this 13th day of October, 2006.

```
                              s/Jeffery C. Duffey
                              JEFFERY C. DUFFEY
                              Attorney for
                              Michael David King
                              600 South McDonough Street
                              Montgomery, AL  36104
                              Phone: 334-834-4100
                              Fax: 334-834-4101
                              email: jcduffey@aol.com
                              Bar No. ASB7699F67J
```

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of October, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Andrew Schiff, AUSA, P.O. Box 197, Montgomery, AL 36101.

```
                              s /Jeffery C. Duffey
                              JEFFERY C. DUFFEY
                              Attorney for
                              Michael David King
```