UNITED STATES GOVERNMENT
# MEMORANDUM

**TO:** The Honorable Vanzetta Penn McPherson
United States Magistrate Judge

**REPLY TO ATTN OF:** David A. Conoly
U. S. Probation Officer

**SUBJECT:** KING, MICHAEL DAVID
DOCKET NO. 2:05-CR-30-WHA
<u>MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE</u>

**DATE:** October 19, 2006

On December 14, 2005, a single-count indictment was filed by a Middle District of Alabama Grand Jury, in Montgomery, Alabama, and charged that on or about February 27, 2003, at Prince Sultan Air Base, Saudi Arabia, the defendant did knowingly possess books, magazines, periodicals, film, videotapes, computer disks, and other material containing images of child pornography, in violation of 18 U.S.C. §§ 2252A9a0(5)(A) and 3261(a)(1)..

On April 20, 2006, the defendant was arrested and appeared before the court and was detained pending a detention hearing. On April 24, 2006, King was released on a $25,000 unsecured appearance bond and placed on pretrial supervision with several conditions of release.

On July 27, 2006, 18 U.S.C. § 3142 was amended as follows after congress passed the Adam Walsh Act of 2006. This new law established several minimum allowable conditions of release that must be ordered before any sex offender is released on bond.

On September 7, 2006, a three- count Superseding Indictment was filed and the defendant was arraigned on September 25, 2006. Subsequently, he was released on the same conditions as imposed on April 24, 2006.

The probation office respectfully requests that the defendant's conditions of pretrial supervision be modified in accordance with the amended version of 18 U.S.C. § 3142(c)(1)(B) as described below:

> 1) The defendant shall participate in the home confinement program as follows: You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances as pre-approved by the probation officer. You shall pay the cost of electronic monitoring as directed by the probation office.
>
> 2) The defendant shall avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution of the instant offense.
>
> 3) The defendant shall have a nightly curfew from 11 p.m. until 7 a.m. unless excused

in advance by his probation officer for work related activities.

Respectfully submitted this 19th day of October, 2006.

                                              Respectfully submitted,

                                              /s/ David A. Conoly
                                              David A. Conoly
                                              U. S. Probation Officer

Reviewed and Approved:

/s/ Sandra Wood
Sandra Wood
Supervisory U.S. Probation Officer