IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:05cr301-WHA |
| | ) | |
| MICHAEL DAVID KING | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:           JEFFERY C. DUFFEY

ASSISTANT U.S. ATTORNEY:      ANDREW O. SCHIFF

## COUNT AND STATUTE CHARGED:

Count 1      18 U.S.C. § 2252A(a)(1)
             Transportation of child pornography

Count 2      18 U.S.C. § 2252A(a)(5)(A)
             Possession of child pornography

Count 3      18 U.S.C. § 2252A(a)(5)(B)
             Possession of child pornography

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1      18 U.S.C. § 2252A(a)(1)
             Transportation of child pornography

Count 3      18 U.S.C. § 2252A(a)(5)(B)
             Possession of child pornography

## PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 1      18 U.S.C. § 2252A(a)(1)
             Fifteen years imprisonment
             Three years supervised release
             $250,000 fine
             $100 special assessment

Count 3    18 U.S.C. § 2252A(a)(5)(B)
Ten years imprisonment (unless Counts 1 is deemed prior conviction, in which case at least 10 years but no more than 20)
Lifetime supervised release
$250,000 fine
$100 special assessment

## ELEMENTS OF THE OFFENSE:

Count 1    18 U.S.C. § 2252A(a)(1)

1.    The Defendant knowingly transported or shipped in interstate or foreign commerce an item or items of "child pornography," as charged; and

2.    At the time of such transportation or shipment, the Defendant believed that such items constituted or contained "child pornography" as hereafter defined.

Count 3    18 U.S.C. § 2252A(a)(5)(B)

1.    The Defendant knowingly possessed items of child pornography, as charged;

2.    The child pornography had been produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce, as charged; and

3.    At the time of such possession, the Defendant believed that such items constituted or contained child pornography.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Andrew O. Schiff, Assistant United States Attorney, and Jeffery C. Duffey, attorney for the defendant, pursuant to Rules 11(a)(2), 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Superseding Indictment ("Indictment") herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(a)(2), 11(c)(1)(A), and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's

plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

### GOVERNMENT'S PROVISIONS

1.    For purposes of the calculation of defendant's offense level under the United States Sentencing Guidelines, the Government agrees that:

    a.    the Guidelines Manual effective November 1, 2005 is applicable.

    b.    the base offense level is 22 (U.S.S.G. § 2G2.2(a)(2)).

    c.    the two-level reduction pursuant to U.S.S.G. § 2G2.2(b)(1) is applicable.

    d.    because the material involved prepubescent minors, the offense level is increased by two levels (U.S.S.G. § 2G2.2(b)(2)).

    e.    because the material portrayed sadistic conduct and/or depictions of violence, the offense level is increased by four levels (U.S.S.G. § 2G2.2(b)(4)).

    f.    because the offense involved use of a computer and/or an interactive computer service for the possession and receipt of the material, the offense level is increased by two levels (U.S.S.G. § (2G2.2(b)(6)).

    g.    because the offense involved 600 or more images, the offense level is increased by five levels (U.S.S.G. § (2G2.2(b)(7)(D)).

    h.    the two level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.

    i.    because defendant timely notified authorities of his intention to enter a plea of guilty, the government will move for an additional one-level reduction in defendant's offense level. See U.S.S.G. § 3E1.1(b)(2).

2.    At sentencing, the Government will move to dismiss Count 2 of the Indictment.

3.    Subject to paragraphs 4 and 5, the Government agrees that the appropriate sentence is a sentence within the Guideline Range applicable to offense level 30 and King's Criminal History

3

Category. The Government and King are each free to take a position as to the appropriate sentence within the Guideline Range. A sentence above the range would entitle King to withdraw from this Agreement; a sentence below the range would entitle the Government to withdraw.

4. To the extent that the PSI makes a Guideline determination different than that set forth in paragraph 1, either party would be free to argue to the Court that the PSI is correct, subject to the other party's right to oppose the argument and to withdraw from this Agreement if the sentence is outside the Guideline Range applicable to offense level 30 and King's Criminal History Category.

5. At sentencing, the Government reserves the right to argue that the conviction on Count 1 constitutes a "prior conviction" within the meaning of 18 U.S.C. § 2252A(b)(2), thus triggering a ten-year mandatory minimum sentence. King reserves the right to oppose this argument and to appeal an adverse determination.

6. The parties have reached no agreement on any issues relating to supervised release, fine, forfeiture, and/or restitution.

7. The Government reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

1. The defendant agrees to plead guilty to Counts 1 and 3 of the Indictment.

2. The defendant agrees with the sentencing provisions set forth in paragraphs 1, 2, 3, and 4 of the Government's provisions.

4

3.      The defendant agrees not to commit any State, local or federal offenses pending sentencing.

## FACTUAL BASIS

Count 1

In 2002 and 2003, King was employed by Northrup Grumman and was assigned to work in Saudi Arabia in connection with a contract Northrup had with the Defense Department. In or about January 2003, King was on home leave in Montgomery, Alabama. While at home, King downloaded child pornography on to 12 recordable CD-ROM's, which he took with him when he returned to Saudi Arabia in February 2003. The CD-ROM's were found during a search of King's dorm room at the Prince Sultan Air Base in Saudi Arabia on February 27, 2003.

Count 3

On or about April 19, 2006, King possessed in his residence in Montgomery, Alabama recordable CD-ROM's and hard drives, which contained images of child pornography. The CD's were manufactured outside Alabama.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. The following exceptions apply to this waiver:

a.      Pursuant to Fed. R. Crim. P. 11(a)(2), the defendant may appeal:

(i)    the Order (Doc. 59) overruling defendant's objections to the Magistrate Judge's report and recommendation and denying his motion to suppress (Doc. 23), and

(ii)    the Order (Doc. 60) denying defendant's second motion to suppress (Doc. 52).

b.    the defendant may appeal a determination that the conviction on Count 1 constitutes a "prior conviction" within the meaning of 18 U.S.C. § 2252A(b)(2) for purposes of determining the sentence with respect to Count 3.

c.    if the Court sentences defendant in excess of the maximum permitted by the plea agreement but defendant elects to persist in his guilty plea, then defendant could appeal any issues related to the imposition of the higher sentence.

The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the Government appeals, the defendant may appeal or bring a post-conviction proceeding, on any ground.

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

The defendant, before entering a plea of guilty to Counts 1 and 3 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.    The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b.    Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that

6

defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

           c.     The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee, per count, is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

           d.     The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

           e.     The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

           f.     The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel,

which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

        g.      The defendant further understands and advises the Court the the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

        h.      The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

        i.      The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court , but if the sentence imposed by the Court is more severe than the maximum sentence permitted by the plea agreement, the defendant will have the right to withdraw his plea.

        j.      The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when

8

the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.    The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The

offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.

This _14th_ day of December, 2006.          Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Andrew O. Schiff
Assistant U.S. Attorney
Deputy Chief, Criminal Division

10

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, JEFFERY C. DUFFEY.

MICHAEL DAVID KING, DEFENDANT

18 DEC 06
**Date**

Jeffery C. Duffey
**Attorney for Defendant**

12-18-06
**Date**

11