IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. NO. 2:05cr301-WHA |
| | § | |
| MICHAEL DAVID KING | § | |

### GOVERNMENT'S SENTENCING MEMORANDUM

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby files this Sentencing Memorandum as follows:

**I.   STATEMENT OF FACTS**

This memorandum addresses the issue of whether King's conviction on Count 1 of the Superseding Indictment constitutes a "prior conviction" in determining whether certain enhanced penalties apply to Count 3 of the Superseding Indictment. The facts material to this issue are straightforward. Pursuant to a plea agreement, King has pleaded guilty to Counts 1 and 3 of the Superseding Indictment. Count 1, charging him with violating 18 U.S.C. § 2252A(a)(1), is based on King's February 2003 transportation of CD-ROMs containing child pornography images from Montgomery, Alabama to Saudi Arabia, where King was working for a defense contractor. Later that month, after King was found to be in possession of pornography, he left Saudi Arabia on the advice of an Air Force officer. Count 3, charging him with violating 18 U.S.C. § 2252A(a)(5), arises out of the FBI's April 2006 execution of a search warrant at King's residence in Montgomery, which resulted in the seizure of computer hard drives and CD-ROMs that contained child pornography images.

For the reasons set forth below, based on these facts, King's conviction on Count 1 constitutes a "prior conviction" for purposes of determining the statutory penalties applicable to Count 3.

## II.    ARGUMENT

Count 3 charges a violation of 18 U.S.C. § 2252A(a)(5), the penalties for which are set forth in section 2252A(b)(2), which provides that if King has a "prior conviction" for, among other things a federal child pornography offense, then the punishment is a maximum of twenty years imprisonment, including a ten-year mandatory minimum. In the absence of such a prior conviction, the statutory maximum is ten years, with no mandatory minimum. As shown below, Count 1 does constitute such a prior conviction.

In *Deal v. United States*, 508 U.S. 129 (1993), the Supreme Court construed 18 U.S.C. § 924(c)(1), which establishes enhanced penalties in the case of a "second or subsequent conviction" for carrying and using a firearm during and in relation to a violent crime. The defendant in *Deal* was convicted, at a single trial, of six distinct section 924(c)(1) violations. The Court held that five of the convictions were properly treated as "second or subsequent conviction[s]" within the meaning of the statute. The Court explained that "[i]n the context of § 924(c)(1), . . . 'conviction' refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction." 508 U.S. at 132. The Court further observed that a particular conviction can appropriately be treated as "second or subsequent" even if it is memorialized in the same judgment as the initial conviction, because "findings of guilt on several counts are necessarily arrived at successively in time." *Id.* at 133 n.1.

*Deal* compels the conclusion that King's conviction on Count 1 is a "prior conviction" within the meaning of section 2252A(b)(2). If conviction (a) can be characterized as "subsequent" to conviction (b), even though the two are memorialized in the same judgment, then it follows that conviction (b) is "prior" to conviction (a). And the central policy argument identified by the *Deal* Court in support of the result it reached–*i.e.*, that a defendant's sentence for multiple crimes should not vary depending on whether he is convicted at one trial or at several, *see* 508 U.S. at 137–is equally applicable here. The fact that the convictions were obtained by guilty plea rather than jury verdict is immaterial. *See United States v. Couch*, 291 F.3d 251 (3d Cir. 2002).

King may argue that the term "prior conviction" requires that the first conviction occur before defendant engages in the conduct resulting in the second conviction. However, such a contention can be easily dispensed with. As an initial matter, the *Deal* Court expressly rejected this argument. *See Deal*, 508 U.S. at 134-38. In fact, such a result would be even less justified here, since Congress has, in another provision relating to offenses against children, expressly defined "prior sex conviction" as "a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense . . . ." 18 U.S.C. § 3559(e)(2)(C). That language, however, does not appear in § 2252A(b)(2). The absence of such wording is a telling sign. "When Congress wished to create [the kind of statute that King wants], it had little trouble doing so." *Pinter v. Dahl*, 486 U.S. 622, 650 (1988). In fact, even though Congress amended certain provisions of 18 U.S.C. § 2252A(b) on the same day that it passed 18 U.S.C. § 3559(e)(2)(C), it chose to leave section 2252A(b)'s enhancement provision alone. *See* PROTECT Act, Pub. L. No. 108-21, 117 Stat. 650 (Apr. 30, 2003). More than anything else, this suggests that Congress never intended section

2252A(b)(2) to be read as requiring a prior conviction to precede the conduct resulting in the subsequent conviction.

## CONCLUSION

For the reasons set forth above, the United States requests that, when sentencing King on Count 3, the Court treat Count 1 as a "prior conviction" and sentence King accordingly.

Respectfully submitted this the 28th day of March, 2007

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Phone: (334) 223-7280
FAX: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CR. NO. 2:05cr301-WHA |
| § | |
| MICHAEL DAVID KING § | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffery C. Duffey, Esq.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Phone: (334) 223-7280
FAX: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov