```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                   NORTHERN DIVISION
UNITED STATES OF AMERICA,   *
                            *
     Plaintiff,             *
                            *
V.                          *    CASE NO.2:05cr301-WHA
                            *
MICHAEL DAVID KING,         *
                            *
     Defendant.             *
```

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
SENTENCING MEMORANDUM**

Comes now defendant, by counsel, and in response to the Government's Sentencing Memorandum submits the following:

1. It is the Government's position that defendant's "conviction on Count 1 of the Superceding Indictment constitutes a 'prior conviction' in determining whether certain enhanced penalties apply to Count 3 of the Superceding Indictment." See Government Sentencing Memorandum page 1.

2. The Government bases its argument on the holding and Deal v. United States, 508 U.S. 129 (1993) wherein the Supreme Court construed the enhanced penalty provision of 18 U.S.C. 924(c)(1). It is the defendant's position that Deal is not applicable in this case because the two statutes are worded differently.

3. The statutory provision of 18 U.S.C. 924 (c)(1)(C) provides that an enhanced penalty shall be imposed "[i]n the

case of a second or subsequent conviction under this subsection." The statutory provision at issue in defendant's case (18 U.S.C. 2252(A)(b)(2)) provides that enhanced punishment shall be imposed "if such person has a prior conviction under this chapter" or under other specifically referenced federal or state laws.

4. Title 18 U.S.C. 924(c)(1)(C) provides for enhanced punishment for a "second or subsequent conviction" of the same crime. In contrast 18 U.S.C. 2252(A)(b)(2) provides for enhanced punishment if there is "a prior conviction" either of the same crime or for other designated state or federal crimes.

5. It is the defendant's argument that Congress worded the language of 18 U.S.C. 2255 (A)(b)(2) differently from 18 U.S.C. 924(c)(1)(C) because Congress intended for it to be applied differently. The defendant (like the Government in its sentencing memorandum) will also paraphrase Pinter v. Dahl, 486 U.S. 622, 650 (1988), by stating that "When Congress wished to create [the kind of statute that the Government wants], it had little trouble doing so." If Congress intended for both statutes to be construed the same then Congress would have worded both statutes the same. But Congress did not.

6. Undersigned counsel has been unable to find any case law interpreting the enhancement provision of 18 U.S.C. 2252(A)(b)(2).

Therefore, it is the defendant's contention that the enhancement does not apply because defendant did not have "a prior conviction" when he entered his guilty plea.

Respectfully submitted this 9th day of April, 2007.

    s/Jeffery C. Duffey
    JEFFERY C. DUFFEY
    Attorney for
    Michael David King
    600 South McDonough Street
    Montgomery, AL  36104
    Phone: 334-834-4100
    Fax: 334-834-4101
    email: jcduffey@aol.com
    Bar No.  ASB7699F67J

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of April, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Andrew Schiff, AUSA, P.O. Box 197, Montgomery, AL 36101.

    s /Jeffery C. Duffey
    JEFFERY C. DUFFEY
    Attorney for
    Michael David King