Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

February 04, 2008

**Appeal Number: 07-11808-JJ**
Case Style: USA v. Michael David King
District Court Number: 05-00301 CR-WHA

TO:   Debra P. Hackett

CC:   Jeffery C. Duffey

CC:   Andrew O. Schiff

CC:   Hon. Wallace Capel Jr.

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

February 04, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

**Appeal Number: 07-11808-JJ**
Case Style: USA v. Michael David King
District Court Number:  05-00301 CR-WHA

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 07-11808

District Court Docket No.
05-00301-CR-WHA

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec 14, 2007
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee-
    Cross-Appellant,

versus

MICHAEL DAVID KING,

    Defendant-Appellant-
    Cross-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeals from the United States District Court
for the Middle District of Alabama

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
FEB 0 4 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

    Entered:    December 14, 2007
For the Court:    Thomas K. Kahn, Clerk
    By:    Gilman, Nancy

CORRECTED

UNITED STATES of America, Plaintiff–Appellee–Cross–Appellant,

v.

Michael David KING, Defendant–Appellant–Cross–Appellee.

No. 07–11808

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Dec. 14, 2007.

**Background:** Following denial of his motions to suppress evidence seized from his dormitory room at an air base in Saudi Arabia as well as from his residence in Alabama, defendant pleaded guilty and was convicted in the United States District Court for the Middle District of Alabama, No. 05-00301-CR-WHA, W. Harold Albritton III, J., 2006 WL 3421253, of transporting child pornography and possessing child pornography. Defendant appealed his conviction, and the government cross-appealed, challenging the sentence imposed by the district court.

**Holdings:** The Court of Appeals held that:

(1) defendant, then a civilian contractor, did not have an objectively reasonable expectation of privacy in the contents of his personal laptop computer when it was connected to the military base's network from his dorm room, and

(2) the government could not use defendant's conviction for transporting child pornography as a "prior conviction" to enhance his punishment for the possession conviction where both convictions, though separate, were entered at the same time, and so defendant was not subject to a ten-year mandatory minimum sentence.

Affirmed.

**1. Criminal Law** ⚖=1139, 1158(4)

Court of Appeals reviews a district court's denial of a defendant's motion to suppress evidence under a mixed standard of review, examining the district court's findings of fact for clear error and the district court's application of the law to those facts de novo.

**2. Searches and Seizures** ⚖=26

Fourth Amendment's prohibition against unreasonable searches and seizures protects an individual in those places where he can demonstrate a reasonable expectation of privacy against government intrusion. U.S.C.A. Const.Amend. 4.

**3. Searches and Seizures** ⚖=162

Only individuals who actually enjoy a reasonable expectation of privacy have standing to challenge the validity of a government search. U.S.C.A. Const.Amend. 4.

**4. Searches and Seizures** ⚖=26

Party alleging an unconstitutional search must establish both a subjective and an objective expectation of privacy; the subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable. U.S.C.A. Const. Amend. 4.

**5. Obscenity** ⚖=7.6

Defendant, a civilian contractor who resided in a dormitory at an air base in Saudi

Synopsis, Headnotes and Key Number Classification
COPYRIGHT © 2007 Thomson/West

The Synopsis, Headnotes and Key Number Classification constitute no part of the opinion of the court.

reported his discovery to a military investigator who in turn referred the matter to a computer specialist. This specialist located King's computer and hard drive on the base network and verified the presence of pornographic videos and explicit text files on the computer. She also discovered a folder on the hard drive labeled "pedophilia." The folder, however, contained no files. The computer specialist did not employ any "special means" to access King's computer because "everybody on the entire network" could obtain the same access.

The computer specialist then filed a report with the investigator detailing what she had found, and the investigator obtained a search warrant for King's room. During a search of his room, military officials seized King's computer and also found CDs containing child pornography. They then referred the matter to the FBI for investigation and King left Saudi Arabia and returned to Montgomery, Alabama.

Two years later, the government obtained an indictment charging King with possession of child pornography.[1] After his arrest, the government searched his residence pursuant to a search warrant and found additional CDs and hard drives containing over 30,000 images of child pornography.

At his arraignment, King entered a plea of not guilty. Shortly thereafter, he filed a motion to suppress the evidence seized from his dorm room in Saudi Arabia, arguing that the search violated the Fourth Amendment. Later, King filed a motion to suppress the evidence obtained from his residence in Montgomery and a post-arrest statement, arguing that the evidence and statement were fruits of the illegal search of his dorm room.

A magistrate judge issued a recommendation and report as to the first motion, recommending its denial. King objected to the report and recommendation, but the district court overruled his objection and denied the first motion to suppress, finding that King had no reasonable expectation of privacy in the contents of his computer and, alternatively, that the search was a proper workplace search. The district court also considered King's second motion to suppress, without the benefit of a magistrate judge's report, and denied that motion as well.

King then entered into a plea agreement with the government pursuant to which he pleaded guilty to one count of transporting child pornography and one count of possessing child pornography. The agreement allowed King to appeal the district court's denial of his motions to suppress. The agreement also reflected the parties' understanding that the government would recommend a sentence within the applicable sentencing guidelines range, subject to the government's right to seek a ten-year mandatory minimum sentence on the possession count on the basis of King's "prior conviction" for the transporting child pornography count.

The district court held a sentence proceeding on April 17, 2007. At that proceeding, the government argued for a ten-year mandatory minimum sentence as it was entitled to do under the plea agreement. The district court rejected the government's argument and sentenced King to 108 months imprisonment on both the transportation and possession charges to be served concurrently. That sentence was within the applicable guidelines range. King then appealed his

---

1. A grand jury later returned a superceding indictment which contained two counts of possessing child pornography and one count of transporting child pornography from Montgomery, Alabama to Saudi Arabia.

ty settings demonstrate a subjective expectation of privacy in the files, so the question becomes "whether society is prepared to accept [King's] subjective expectation of privacy as objectively reasonable." *See id.* at 1094.

It is undisputed that King's files were "shared" over the entire base network, and that everyone on the network had access to all of his files and could observe them in exactly the same manner as the computer specialist did. As the district court observed, rather than analyzing the military official's actions as a search of King's personal computer in his private dorm room, it is more accurate to say that the authorities conducted a search of the military network, and King's computer files were a part of that network. King's files were exposed to thousands of individuals with network access, and the military authorities encountered the files without employing any special means or intruding into any area which King could reasonably expect would remain private. The contents of his computer's hard drive were akin to items stored in the unsecured common areas of a multi-unit apartment building or put in a dumpster accessible to the public.

Because his expectation of privacy was unreasonable King suffered no violation of his Fourth Amendment rights when his computer files were searched through the computer's connection to the base network. It follows that his additional claim that the later search warrant was invalid because it incorporated information obtained from the search of his computer files also lacks merit.

### III.

[6] Where an individual "violates" 18 U.S.C. § 2252A(a)(5), the maximum term of imprisonment is ten years, however, "if such person has a prior conviction under this chapter ... such person shall be ... imprisoned for not less than 10 years nor more than 20 years." 18 U.S.C. § 2252A(b)(2). The government contends in its cross-appeal that King's conviction for transporting child pornography constitutes a "prior conviction" for the purpose of imposing a mandatory minimum sentence of ten years imprisonment for the possession conviction under 18 U.S.C. § 2252A(b)(2), even though both convictions were entered at the same time.

In support of its contention, the government relies on *Deal v. United States,* 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). In that case the Supreme Court interpreted the term "conviction," in the context of the 18 U.S.C. § 924(c) enhancement for a "second or subsequent conviction" for use of a firearm in connection with a crime of violence. It said that the term referred "to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgement of conviction," and not "the adjudication of guilt and the sentence." *Id.* at 132, 113 S.Ct. at 1996.[2] Accordingly, where the defendant was found guilty in a single criminal proceeding of six counts for using a firearm in connection with a crime of violence, his convictions on the second through sixth counts constituted "second or subsequent convictions" for the purpose of enhancing the statutory term of imprisonment. *See id.* at 131–37, 113 S.Ct. at 1996–99. We have similarly held that "[t]he conviction on four counts of burglary constitutes four separate convictions" for purposes of 18 U.S.C. § 1202(a)(1), even though the burglary

---

2. The statutory provision in *Deal* provided, in relevant part, that "[i]n the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years." 18 U.S.C. § 924(c)(1) (1988).

firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court."); see also Smith v. GTE Corp., 236 F.3d 1292, 1302 (11th Cir.2001) (rejecting the argument that "an exception to the prior panel precedent rule exists where the first panel to address an issue failed to follow and apply controlling Supreme Court precedent").

AFFIRMED.

A True Copy Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia